[No. 8076.    Department Two.    November 5, 1909.]

## NICK VIANELLO, *Respondent*, v. WASHINGTON IRON WORKS COMPANY, *Appellant*.[1]

MASTER AND SERVANT—SAFE PLACE—DUTY TO WARN—NEGLIGENCE OF MASTER—EVIDENCE—SUFFICIENCY. There is no evidence of negligence warranting a recovery for failure to furnish a safe place to work or in requiring dangerous work without instructions, where it appears that plaintiff, employed for six months in a foundry, was injured while helping twenty to thirty men push a heavy car loaded with flasks into the oven, in the same manner as was done every day, that the car was properly loaded, the place light and free from any danger except the obvious one of placing hands in open places between the moulds, that there was sufficient hand holds without using the place of danger, and that the men were repeatedly warned not to place their hands in the open spaces in pushing, because of danger to the hands and injury to the moulds, although no particular warning was given on that occasion, and the plaintiff testified that he was unacquainted with the English language and did not appreciate the dangers.

SAME — CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. In such a case, the employee is guilty of contributory negligence precluding any recovery, as a matter of law, where he placed his hands in an open space between the moulds, which was apparently exceedingly dangerous.

Appeal from a judgment of the superior court for King county, Gay, J., entered February 8, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a foundry. Reversed.

[1]Reported in 104 Pac. 784.

*Robert C. Saunders* and *E. C. Ellis*, for appellant.

*Heber McHugh* and *T. J. Casey* (*John T. Casey*, of counsel), for respondent.

Crow, J.—Action by Nick Vianello against Washington Iron Works Company, a corporation, to recover damages for personal injuries. From a judgment in his favor, the defendant appeals.

Numerous assignments of error are presented, but we will only consider those predicated upon the denial of appellant's motions for a directed verdict, and for judgment *non obstante veredicto*. In support of these motions the appellant, in addition to other contentions, insists (1) that no negligence on its part has been shown, and (2) that the respondent was guilty of contributory negligence. The appellant operates a foundry in the city of Seattle, employing a large number of men. In its moulding room is a core oven used for baking and hardening sand moulds. The moulds are made in iron flasks, varying in diameter from two and one-half to five feet. These flasks when ready for the oven are loaded on an iron car. The lower flask is called the drag, the next the cheek, and the one above the cope. They weigh from one thousand to fifteen hundred pounds each. To keep them apart iron dogs are inserted at equal distances on top of and around the circumference of the drag upon which the cheek rests, and in the same manner the cope is separated from the cheek. This is done to permit the circulation of hot air while they are in the oven. The car was propelled by hand, moving on an iron track which extended into the oven. When the car was loaded the employees of the foundry were indiscriminately called upon by the foreman to aid in pushing it into the oven. From twenty to thirty would respond and gather around the car wherever they could obtain hand holds. Around, outside of, and constructed as parts of, the flasks, were ribs and flanges sufficiently wide to be utilized for hand holds.

The respondent had been an employee in the foundry a little over six months. He worked four months as a helper or common laborer and about two months making facings. In his third amended complaint he alleged, that he was unable to speak or write the English language; that he was inexperienced in the work of pushing the car, and did not appreciate its dangers; that appellant ordered him to assist in moving the car; that the work had to be done hastily; that he hurried from his usual place of work near a well-lighted window to a comparatively dark place where the car was loaded; that he was unable to see clearly; that he was directed by the foreman to stand and push at a point designated by him; that the men were crowded around the car; that the car was defective, warped, and twisted with great heat and usage; that it ran with vibrations and bounds against the rail and on its bearings, causing frequent jerking, jolting, and sudden stopping, without notice or warning; that the appellant had negligently loaded it to an unsafe width and height; that it did not properly or safely clamp the flasks together as could have been done; that the defective condition and loading of the car, which were known to the appellant but unknown to the respondent, rendered the place unsafe and dangerous; that appellant negligently failed to warn respondent thereof; that appellant permitted obstructions to be placed upon the track in front of the car, which respondent was unable to see, and that by reason of the carelessness and negligence of appellant and the unsteady condition of the load, and while the car was moving, one of the upper flasks tilted backward and crushed a portion of respondent's left hand which he had inserted between two of the flasks. The appellant pleaded the defenses of contributory negligence, negligence of a fellow servant, and assumption of risk.

No competent evidence was produced to show that the car, the track, or any of the appliances were defective, dangerous, or out of repair. The undisputed evidence did show that the

car was loaded in exactly the same manner in which it had been loaded daily for a period of twelve years, and that it had been pushed into the oven by the men in the same manner all of that time. The respondent on the trial, and also on this appeal, seems to have abandoned any claim of negligence on the part of the appellant, except as pointed out in his answer brief, in the following language:

"Point 1.   The appellant was guilty of negligence in furnishing respondent an unsafe place to work in, knowing it to be unsafe, when a safe place was easily available.

"Point 2.    The appellant was guilty of negligence in taking respondent from his usual work and directing him to work in a more ·dangerous place, and by pointing to and commanding him to put his hands in a certain dangerous place, knowing it to be dangerous, without any warning to respondent, appellant knowing that respondent was ignorant of the said dangers and risk, and unable because of existing conditions to observe and know the same."

We fail to find evidence in the record sufficient to sustain either of these contentions, to show any negligence on the part of the appellant, or to support the verdict of the jury. While it is true that the respondent testified that he was ordered by the foreman to push the car, that he was unacquainted with the English language, and that he did not appreciate the dangers attendant upon the work, he also testified that he had been employed in the foundry for more than six months; that he had on three or four previous occasions pushed on the car, and that his ordinary work was only about seventy to one hundred feet away.

The undisputed evidence shows that the car was properly loaded; that the heavy drag, cheek, and cope were always separated by the iron dogs; that they were never clamped; that the car was always pushed by the employees indiscriminately, who were repeatedly warned not to place their hands in the open spaces between the moulds, for the reasons (1) that such openings were the only places at all dangerous, and (2) that the employees by placing their hands therein

were liable to disturb the moist sand, destroy the moulds, and necessitate the work of making them over again; that there were sufficient handholds without placing hands in any of the openings, and that there were not only large windows in the foundry to afford sufficient light, but also electric lights which were used when necessary. The respondent had been working for six months in the same room. The men were indiscriminately called each day to move the car. It is difficult to understand how the respondent could fail to see these large moulds, to observe the manner in which they were placed upon the car, and appreciate that the only danger to which he would be subjected in doing the work would result from inserting his hand between the flasks. If he was a person of sufficient intelligence to retain employment for more than six months in a foundry where machinery was used, where it must have been necessary for him to constantly observe the danger with which he was surrounded, and to do so for his own protection, it is difficult to understand how he could fail to appreciate the only and apparent danger to which he would be subjected when pushing the car.

The only possible theory upon which the appellant could be held guilty of negligence would be by reason of its alleged failure to warn or instruct the respondent as to the danger of the work. The undisputed evidence is that the foreman did repeatedly and daily warn the men to keep their hands out of the openings, not only to avoid danger, but also to prevent injury to them, although there is no positive evidence that he gave such warning on this particular occasion. While it is the duty of the master to warn his employees of dangers with which they are surrounded, especially when they are ignorant thereof and such ignorance is known to the master, it would be difficult to assume that an employee who had been engaged as the respondent had been for the period of six months, did not have ample opportunity for observing all apparent dangers with which he was surrounded, or that he did not observe the same, and that the master should warn

him.    The mere fact that he could not speak the English language constitutes no excuse for his ignorance.    It cannot be assumed that the only persons of intelligence are those who speak the English language.    There is nothing to show that the respondent was lacking in common understanding or ordinary intelligence.    Giving due consideration to undisputed evidence showing the employment of the respondent, his surroundings and situation, and the manner in which the work had been done for many years, we conclude that sufficient evidence was not produced to show negligence upon the part of the appellant.

The respondent was guilty of contributory negligence. Although he stated that the foreman took him by the shoulder and directed him to assist in propelling the car, pointing to a place where he should push, he does not testify that the foreman directed him to place his hands between the moulds.    Nor is there any evidence that the foreman did so.    It must have been apparent to any person of ordinary intelligence that the act of placing his hands between the moulds would be exceedingly dangerous, and we cannot understand how the respondent could have voluntarily done so without being guilty of such contributory negligence as to avoid any recovery by him in this action.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

Rudkin, C. J., Mount, and Parker, JJ., concur.